

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

January 27, 1947

Honorable Carlos C. Ashley
Chairman, State Board of Control
Austin, Texas

Opinion No. V-42

Re: (1) Whether or not the Superintendent
of an eleemosynary institution, or
the Board of Control, has the au-
thority to place for adoption a
child lawfully committed to such
institution with the consent of
the committing Judge and without
the consent of one or both parents
of such child; and

(2) Whether or not the Superintendent
of a mental institution, or the
Board of Control, is authorized
to offer for adoption a child
born to a patient in one of the
mental institutions, without the
consent of the child's sane pa-
rent, if any, or guardian.

Dear Sir:

We beg to acknowledge receipt of your request for
an opinion upon the above entitled subject matter, as follows:

"The State Board of Control is charged with the
supervision of the eleemosynary institutions of Tex-
as - among them the State Orphans' Home (Article
3208 - 3212 R.C.S.); Deaf, Dumb, and Blind Asylum
for Colored Youths (Article 3221, 3221a, R. C. S.),
and the Waco State Home (Article 3255 - 3259, R.C.S.).
Many of the children in these three institutions are
prospects for adoption. The children born to patients
in our mental hospitals are also prospects for adoption.
We now have the opportunity to place a child for adop-
tion. We, therefore, respectfully request your opinion
to the following questions:

"1. Does the Superintendent of any eleemosy-
nary institution, or the Board of Control, have
authority to place for adoption a child lawfully
committed to such institution with the consent
of the committing Judge and without the consent
of one or both parents of such child?

"2. Is the Superintendent of a mental in-
stitution, or the Board of Control, authorized
to offer for adoption, a child born to a patient
in one of our mental institutions, without the
consent of the child's sane parent, if any, or
guardian?"

We shall answer your inquiries in the order in
which you have propounded them.

1. Article 46-a, Section 6, of the Statute of
Adoption is as follows:

"Except as otherwise specified in this Sec-
tion, no adoption shall be permitted except with
the written consent of the living parents of the
child. In the case of a child fourteen years of
age or over, the consent of such child also shall
be required and must be given in writing in the
presence of the Court. <u>Consent shall not be re-
quired of parents whose parental rights have been
terminated by order of the Juvenile Court or other
Court of Competent Jurisdiction</u>; provided, however,
that in such cases adoption shall be permitted only
on consent of the Superintendent of the Home or
School, or of the individual to whom the care, cus-
tody or guardianship of such child has been trans-
ferred by a Juvenile Court or other Court of Compe-
tent Jurisdiction. In case of a child not born in
lawful wedlock the consent of the father shall not
be necessary."

As you state in your letter, the State Board of
Control is charged by law with the supervision of the el-
eemosynary institutions of the State, such as State Or-
phan's Home, Deaf, Dumb and Blind Asylum for Colored
Youths, the Waco State Home, and others. The Board like-
wise is charged with the supervision of our mental hos-
pitals.

Matthews, et ux, vs. Whittle, 149 S. W. (2d)
601, the opinion written by Justice Sutton of the Court
of Civil Appeals for the Eighth Supreme Judicial District,
recognizes the validity of the exceptions to require-
ments for consent of the parents, contained in Article

46-a of the Adoption statute, in a case where the facts brought the situation within the first exception, that is, voluntary abandonment by the parent. The Justice further says:

> "In other jurisdictions, where the parental right has been terminated, consent of the parents to adopt the child is not necessary, and we cite here the cases cited in appellant's brief: * * *" Quite a number of cases from other jurisdictions follows.

In Opinion No. O-5811, this Department answering an inquiry from the Superintendent of the Waco State Home, to which a child had been committed, "until further orders of the Court," held that in such a case, the consent of the parents of such child was not necessary to consummate or authorize the adoption of such child.

We answer your first question as follows:

Where a child has been duly committed as a dependent or neglected child to a state institution by a Court of competent jurisdiction, such child may be legally adopted upon the consent of the Superintendent of the institution, with the approval of the committing Court, without the consent of the parents, the right of the parents to control the adoption having been terminated by such proceedings. There is no necessity for the Board of Control to approve or consent.

2. The situation presented by your second inquiry is not comparable to that considered above. A child born to a patient in a State mental institution is in no wise an inmate under commitment to such institution. Such visitor is not an invitee. If the little fellow has any legal classification, whatever, he is probably a bare licensee, or at most only a naked trespasser. Its tolerance is a matter of humaneness, and not in any sense adjudged custody. The adoption therefore of such child is to be governed by the general law of adoption, irrespective of its physical presence in the State institution. The matter thus presented therefore is not a question of official concern of the institution nor of the Board of Control.

## SUMMARY

1.  Where a child has been committed as a neglected or dependent child by a Court of competent jurisdiction to the custody of an appropriate State institution, such child may be lawfully adopted upon the consent of the Superintendent of such institution and of the committing Court, without the consent of the parents, which right of consent has been terminated by the order of commitment.

2.  A child born to a woman who has been lawfully committed to a State mental institution may be lawfully adopted under the general statutes of adoption; neither the Superintendent of such institution, nor the Board of Control is concerned as such with such adoption.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED JAN 27, 1947

ATTORNEY GENERAL

OS/JMc:jrb:tb

Approved Opinion Committee
By BWB, Chairman